## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## CIVIL ACTION NO. 5:19-cv-00005-D

| | |
|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC | ) |
| and DANIEL L. ROBERTSON | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL D. LONG; SOLAR MOD | ) |
| SYSTEMS, INC.; and MIKEL BILLS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT
### (AS MODIFIED)

The Parties having agreed to the following, and for good cause shown, IT IS HEREBY STIPULATED AND AGREED by the Parties through their counsel, AND ORDERED by the Court, that in order to prevent unnecessary disclosure or dissemination of confidential or proprietary information ("Confidential Information"), any designated exchange or production of confidential documents or information designated as Confidential Information shall be used, shown, or disclosed only as follows:

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information (including electronically stored information or "ESI") and documentation such as, by way of illustration but not limitation: Social Security or taxpayer-identification numbers, dates of birth, names of minor children, financial account numbers, home addresses, sensitive information involving personal financial, medical, matrimonial, or family matters, employment records of individuals, proprietary business information, trade secrets, and other confidential research, development, or commercial

information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection pursuant to Fed. R. Civ. P. 26. Nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if: (a) that information or document is lawfully obtained without confidentiality restrictions from a third party, or (b) that information or documentation to the extent it belongs to, or is the property of, a party to this matter (though such use for purposes outside of this litigation may cause that information and data to lose its protected or confidential status).

## 2.   **CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean and include all information subject to protection under Fed. R. Civ. P. 26, as well as the following: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; where appropriate, home addresses; sensitive or protected information involving personal financial, medical, matrimonial, or family matters; employment records of individuals whether parties or non-parties; proprietary information, trade secrets and other confidential research, development, or commercial information (regardless of how generated, stored or maintained), as well as any other information defined herein as "Protected Material". As used herein, proprietary information shall include information which concerns or relates to the trade secrets, processes, operations, style of works, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, credit approval or scoring, or amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other

2

organization, or other information of commercial value, the disclosure of which could cause substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained. This Protective Order shall also specifically but without limitation govern: (a) Confidential Information subpoenaed from non-parties; and/or (b) Confidential Information of a non-party to the extent already in the possession of a party, and produced by that party to another. Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel for the designating party or person believes in good faith that the information: (a) constitutes Confidential Information, and (b) there is good cause for the Confidential Information to be protected from public disclosure. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

## 3. DEFINITIONS

3.1. Party: any party to this action, including all of its or his officers, directors, consultants, retained experts, and outside counsel (and their support staff).

3.2. Non-party: any individual, corporation, association, or other natural person or entity other than a party.

3.3. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3

3.4.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.5.    <u>Producing Party</u>: a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.6.    <u>Designating Party</u>: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the assertion of confidentiality of all such information or items.

3.7.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated by a Party or Non-party as "CONFIDENTIAL" hereunder, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material "CONFIDENTIAL" within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing. If a Producing Party believes in good faith and after careful consideration that, despite the other provisions of this Protective Order, there is a substantial risk of identifiable harm if particular financial or accounting documents (which also satisfy the criteria described below) are all disclosed to all other Parties or Non-parties to this action, even if those documents are marked as "CONFIDENTIAL," then the Producing Party may designate those particular financial or accounting documents as "CONFIDENTIAL—ATTORNEYS' EYES ONLY." A party may designate any document as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" only if the document contains especially sensitive financial, economic, or accounting data or information that meets the criteria laid out in the foregoing sentence.

3.8.    Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as Counsel's support staff.

3.9.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or a Party's counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; (b) a past or a current employee of a competitor of a Party; or (c) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultants retained in connection with this litigation.

3.10.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

3.11.    2017 Case: the proceedings in case number 5:17-cv-0152-D, captioned *Progress Solar Solutions, LLC v. Fire Protection, Inc. et al.*, also filed in this court.

4.    **SCOPE**

Subject to the provisions of section 6.2 and its subsections below, and the Court's role as the ultimate arbiter of the protections afforded to in-court proceedings, the protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also testimony, conversations, or presentations by parties or counsel to, or in, Court or in other settings that reveal Protected Material.

5.    **DURATION AND COURT JURISDICTION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. In addition, and subject to any further orders of the Court, the Court

5

shall have and retain jurisdiction over the parties, the non-parties who have signed and filed an Acknowledgement, their respective attorneys, and all persons to whom the Protective Order has been disclosed for the purpose of enforcing the terms of this Protective Order or redressing any violation thereof.

## 6. DESIGNATING PROTECTED MATERIAL

6.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are strictly prohibited.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not, or no longer, qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony—by deposition or otherwise—that refers, reflects or otherwise discusses any information properly designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6

6.2.    Manner and Timing of Designations. Except as otherwise provided in this Order *(see, e.g.,* the second paragraph of section 6.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or, where warranted, "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, but not over text).

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced (this provision does not alter the parties' obligations to produce, as opposed to make available for inspection, most documents in the formats detailed in the parties' "Stipulation Regarding Document Production Protocol and ESI" filed at D.E. 18-1). During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or, where allowed and warranted, "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the bottom of each page that contains Protected Material. If only a portion of the material on a page qualifies for

7

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, but not over text).

     b.     For testimony given in deposition or in other pretrial or trial proceedings. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections afforded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within twenty (20) days after the designee's receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 20 day period following receipt of the transcript. If the producing party of the Confidential Information in the deposition is a non-party, the party examining the deponent on such Confidential Information shall provide a copy of the relevant portions of the deposition transcript to the non-party to allow the non-party the opportunity to designate the relevant portions of the deposition transcript as Confidential within the time frame set forth above. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent or with whom they are associated unless the deponent first executes a written "Acknowledgement" in the form attached as Exhibit A. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about Confidential Information or Protected Material.

     With regard to all testimony presented in other pretrial proceedings, the Party or Non-party offering or sponsoring the testimony must identify on the record, before or during the hearing or other pretrial proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that

substantial portions of the testimony may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the proceeding is concluded) a right to have up to 20 days following preparation and delivery of the preliminary transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days following preparation and delivery of the preliminary transcript shall be covered by the provisions of this Stipulated Protective Order.

Unless agreed otherwise in writing by the parties, transcript pages containing Protected Material shall be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, but not over text). Nothing in this Order shall prevent a party from using at trial any information or materials designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

c.     For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

d.     Inadvertent Failure to Designate. Except for deposition testimony, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing

9

alone, waive the Designating Party's right to secure protection under this Order for such material

so long as counsel promptly notifies the receiving party upon realizing the failure. If material is

appropriately and timely designated as "CONFIDENTIAL" after the material was initially

produced, the Receiving Party, on timely notification of the designation, must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

However, the receiving party shall not be in violation of this Protective Order for any disclosure

of information made prior to receiving such notice.

6.3.     Inadvertent Production of Privileged Information.     If a party, through

inadvertence, produces or provides material that it reasonably believes is subject to a claim of

attorney-client privilege, work product immunity, or any other recognized privilege or immunity,

the Producing Party may give written notice to the Receiving Party that the material is subject to

a specific privilege or immunity and request that the material be returned to the Producing Party.

The Receiving Party shall return the material. Return of the material shall not constitute an

admission or concession, or permit any inference that the returned material is, in fact, properly

subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the

Court for an order that such document or thing has been improperly designated or should be

producible for any reason.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.     Timing of Challenges.     Within fifteen (15) business days of a party's

determination that a challenge to a Designating Party's confidentiality designation is necessary,

the challenging party must provide written notice of its objections to the Designating Party and

seek to schedule the Meet and Confer described below. For the purposes of clarification, there

shall be no limitation on when a party may challenge the designation of material marked as

10

"CONFIDENTIAL—ATTORNEYS' EYES ONLY" with respect to the ATTORNEYS' EYES ONLY portion of that designation other than the ability or availability of the Court to decide such a challenge.

7.2.    Meet and Confer.    Within ten (10) business days of providing notification, the Party that elects to initiate a challenge to a Designating Party's confidentiality designation must confer directly with counsel for the Designating Party (and counsel for the designating party must make themselves reasonably available for this conference during this time frame).    In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party at least five (5) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.    Absent emergency circumstances, a Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3.    Formal Challenge to Designation.    If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was not proper, the Challenging Party may at any time thereafter give written notice to the Designating Party stating its objection to the confidentiality designation.    The Designating Party has ten business days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as "Protected Material".    The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as "Protected Material" and, if the challenge is limited to the designation of "ATTORNEYS' EYES ONLY," the Designating Party bears the further burden of establishing that it complied with the other terms of this Order and Agreement, and that it is reasonable for

11

the party to so designate that material as "ATTORNEYS' EYES ONLY" notwithstanding the protections provided by this Order and Agreement as to documents designated as "CONFIDENTIAL."

7.4. <u>Treatment of Information While Challenge is Pending</u>. Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Protected Material, all materials designated as such must be treated as such and thus subject to this order until one of the following occurs:

    a.  the Designating Party withdraws its confidentiality designation;

    b.  the Designating Party fails to apply to the Court for an order designating the material as Protected Material within the time period specified above after receipt of a written challenge to such designation; or

    c.  the Court decides the material at issue is not subject to protection as Protected Material.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party only in connection with this case or the 2017 Case. Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2.    Disclosure of Protected Material.

a.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

8.2.a.1.    Counsel of any Party in this action, including associated personnel necessary to assist Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

8.2.a.2.    Parties to this litigation and their officers, directors, and employees to whom disclosure is reasonably necessary for this litigation;

8.2.a.3.    Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

8.2.a.4.    the Court, including associated personnel necessary to assist the Court in its functions, and the jury as well as prospective jurors;

8.2.a.5.    litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

13

8.2.a.6.    other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

8.2.a.7.    any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings.    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

8.2.a.8.    the author(s) of the document or the original source of the information, or other persons with personal knowledge of Protected Material by virtue of their having prepared, received or reviewed that specific Protected Material before this litigation commenced;

8.2.a.9.    any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and,

8.2.a.10.    Any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

b.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL— ATTORNEYS' EYES ONLY" only to:

- 8.2.b.1.      The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order";

- 8.2.b.2.      Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed Exhibit A;

- 8.2.b.3.      The Court and its personnel;

- 8.2.b.4.      Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A; and

- 8.2.b.5.      The author of the document or the original source of the information.

All Protected Material designated as "CONFIDENTIAL", any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed above, unless ordered by the Court or done with the prior written consent of Designating Party's counsel, or as required by law.

## 9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation (besides the 2017 Case) that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible)

15

within three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

Within that same time period, the Receiving Party also must inform in writing the Non-Party who caused the subpoena or order to issue in the other litigation (besides the 2017 Case) that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Non-Party in the other action that caused the subpoena or order to issue.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures as well as all pertinent facts relating to such disclosure (including to whom the disclosure occurred), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached as Exhibit A. If this Protective Order is violated, the party seeking to enforce its terms may seek all appropriate relief from the Court, including but not limited to, injunctive relief, monetary damages resulting from the violation, and/or, if warranted, sanctions up to and including dismissal of a party's claims or counterclaims with prejudice. As to those persons who sign the Acknowledgement form, the party providing the Protected Material to such persons is responsible for obtaining the signed Acknowledgement and shall have the obligation to maintain a record of all Acknowledgements that party obtained.

16

## 11. FILING PROTECTED MATERIAL

a. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons or a ruling by the Court at trial, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable law as described in Subparagraph (b) below. The fact that Discovery Material has been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be admissible as evidence that the Material in fact contains Confidential Information entitled to protection from disclosure under the law.

b. The procedure for filing documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be in accord with Local Civil Rule 79.2, EDNC ("LCR 79.2"), and the requirements described in Stone v. University of Maryland Medical System Corp, 855 F.2d 178, 180–81 (4th Cir. 1988); and Hall v. United Airlines. Inc., 296 F. Supp. 2d 652, 678–80 (E.D.N.C. 2003), unless those cases' holdings with respect to such procedures are overruled or modified by the United States Supreme Court, the Fourth Circuit (as to Stone) or the EDNC (as to Hall), in which event those new or altered procedures shall control. Specifically, if either party wishes to file publically (i.e., not under seal) any information that has been designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel must first confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with LCR 79.2, with notice served upon the producing party. A party is also entitled to file

17

"CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information or documentation under seal and in accordance with LCR 79.2 and this Court's Case Filing Administrative Policies and Procedures Manual, especially Section V.G.1(a)(i)-(iv), without consulting with the Designating or Producing Party. In either event, the filing of the materials under seal shall not be binding on the Court. Within 10 days of service of such notice or such shorter time as LCR 79.2 may require, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. Except as required by LCR 79.2, the party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

## 12. FINAL DISPOSITION

Subject to any further order(s) of the Court on the completion of this litigation, the terms of this Protective Order shall survive and remain in full force and effect after the termination of this litigation. Within sixty (60) days after final conclusion of all aspects of this litigation including any appeal(s) by any party, all parties and non-parties subject to the terms hereof shall

18

either destroy, or assemble and return to the Designating Party or non-party, all Protected Material and all copies of the same (other than those filed with the Court or provided to an opposing party), upon the request and at the option of the "Designating Party"; however, if the items are requested to be returned, the entity requesting such return shall bear the reasonable costs of having those Protected Materials returned to it. The Producing or Designating Party may waive these requirement in writing. It is provided, however, that counsel for the parties shall be entitled to retain documents to the extent reasonably necessary to preserve a file on this litigation. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION), above.

## 13. **MISCELLANEOUS**

13.1. Right to Party's Own Documents. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

13.2. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

19

SO AGREED:

/s/ Chad A. Sharkey
Chad A. Sharkey
  N.C. State Bar No. 29538
MORRIS, MANNING & MARTIN, LLP
4131 Parklake Ave., Suite 340
Raleigh, NC 27612
Telephone: (919) 806-2969
Facsimile: (919) 806-2057
Email: csharkey@mmmlaw.com

*Attorney for Defendants*

/s/ John W. Ormand III
Gary S. Parsons
  N.C. State Bar No. 7955
John W. Ormand III
  N.C. State Bar No. 14160
Patrick Cross
  N.C. State Bar No. 50646
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
Post Office Box 1800
Raleigh, North Carolina 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304
Email: gparsons@brookspierce.com
Email: jormand@brookspierce.com
Email: pcross@brookspierce.com

*Attorneys for Plaintiffs*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## CIVIL ACTION NO. 5:19-cv-00005-D

PROGRESS SOLAR SOLUTIONS, LLC )
and DANIEL L. ROBERTSON )
                                            )
               Plaintiffs, )
                                            )
v.                                   )
                                            )
MICHAEL D. LONG; SOLAR MOD )
SYSTEMS, INC.; and MIKEL BILLS, )
                                            )
               Defendants. )

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

       I acknowledge that I have read and understand the Protective Order entered in this action on _____, 20___, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Confidential Matter and information contained therein that are the subject of said Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of said Order. I subject myself to the jurisdiction and venue of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of this Agreement and Order.

       Witness my signature this _____ day of _____, 20____.

_____
Signature

Address:_____

Telephone:_____

21

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COURT'S APPROVAL AND MODIFICATIONS

This Protective Order and Confidentiality Agreement is the subject of the parties' joint motion (D.E. 21) for entry thereof. The court hereby APPROVES and ADOPTS the foregoing terms of the Protective Order and Confidentiality Agreement proposed by the parties in the form at D.E. 21-1, subject to the following modifications:

1.     Notwithstanding any contrary provisions in paragraph 5, the extent to which this court retains jurisdiction over this litigation for enforcement of the provisions of this Protective Order and Confidentiality Agreement following the final resolution of this litigation shall be determined in accordance with law.

2.     The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Protective Order and Confidentiality Agreement, including any such terms in paragraph 11.

SO ORDERED, this 2 day of October 2019.

James E. Gates
United States Magistrate Judge

22