IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-5-D

| | |
|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC, and DANIEL L. ROBERTSON, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL D. LONG; SOLAR MOD SYSTEMS, INC.; and MIKEL BILLS, <br><br> Defendants. | ORDER |

This matter is before the court on Plaintiffs' motion to compel production of documents from Defendant Mikel Bills ("Defendant Bills"). [DE-40]. Defendant Bills opposes the motion. [DE-43]. The issues have been fully briefed, and the motion is ripe for decision. For the reasons stated below, Plaintiffs' motion to compel is allowed.

## I. BACKGROUND

On January 4, 2019, Plaintiffs Progress Solar Solutions, LLC ("Progress Solar"), and Daniel L. Robertson, co-founder and owner of Progress Solar, (collectively "Plaintiffs"), filed this action against defendants alleging misappropriation of trade secrets and confidential information. Compl. [DE-1]. Progress Solar manufactures solar-powered portable light towers, which it sells in the United States and internationally. *Id.* ¶¶ 13–14. In 2012, Progress Solar entered into a dealer agreement with Fire Protection, Inc. ("FPI"), pursuant to which FPI marketed and sold Progress Solar's solar light towers. *Id.* ¶¶ 8, 17. Both Defendant Michael Long ("Defendant Long") and Defendant Bills were agents of FPI and given access to Progress Solar's confidential information. *Id.* ¶¶ 5, 9, 19. Without Progress Solar's knowledge, Defendant Long formed Defendant Solar

Mod Systems, Inc. ("SMS"), which sells solar light towers that were developed with Progress Solar's intellectual property. *Id.* ¶¶ 7, 20, 32. Defendant Bills served as a sales agent for SMS. *Id.* ¶¶ 9, 36. Plaintiffs contend that Defendant Bills, Defendant Long, SMS, FPI, and another company Defendant Long controlled entered into a joint venture with a Texas company to manufacture, market, and sell light towers in competition with Progress Solar. *Id.* ¶ 33.

Plaintiffs assert claims against Defendant Bills for misappropriation of proprietary information and trade secrets in violation of North Carolina and Texas law, trade secret misappropriation under 18 U.S.C. § 1836, civil conspiracy, unjust enrichment, and disgorgement of improperly obtained profits. *Id.* ¶¶ 56–107.

On November 7, 2019, Plaintiffs served their first set of requests for production of documents to Defendant Bills. [DE-40-1]. On December 6, 2019, Defendant Bills's then-counsel contacted Plaintiffs' counsel and requested a 45-day extension of time for Defendant Bills to respond to the production requests, which would have extended the deadline through January 24, 2020. [DE-40-2]. On December 18, 2019, Defendant Bills's then-counsel filed a motion to withdraw as counsel for Defendant Bills and the other defendants [DE-30], which was allowed by the court [DE-31]. Defendant Bills filed a Notice of Self Representation on December 30, 2019. [DE-33]. On January 29, 2020, Plaintiffs' counsel contacted Defendant Bills to remind him that his discovery responses were overdue and warned if they were not received within 5 days, a motion to compel would be filed. [DE-40-3]. Defendant Bills did not respond to the letter or provide discovery responses. Consequently, the instant motion was filed seeking to compel Defendant Bills to produce documents in response to Plaintiffs' first requests for production of documents.

In response to the motion to compel, Defendant Bills states that he never received the first set of document requests, or any other documents from his former counsel. Def. Bills Opp. [DE-

43] at 1-2. He also provided four presumably responsive documents, totaling eleven pages, with his opposition. [DE-43-1, -2, -3, -4]. Defendant Bills vigorously disputes the merits of Plaintiffs' substantive allegations against him.

## II. STANDARD OF REVIEW

Rule 26(b)(1), Fed. R. Civ. P., provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37, Fed. R. Civ. P., provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized

3
Case 5:19-cv-00005-D   Document 51   Filed 09/29/20   Page 3 of 6

showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, as the party resisting discovery, it is Defendant Bills' burden to show why discovery should be denied.

## III. DISCUSSION

It is undisputed that Defendant Bills has not responded to Plaintiffs' First Set of Document Requests. Defendant Bills thus has failed to comply with his discovery obligations. *See* Fed. R. Civ. P. 34; *Loftin v. Nationwide Mut. Ins. Co.,* No. 7:09-CV-118-F, 2010 WL 4117404, at *2 (E.D.N.C. Oct. 18, 2010); *Bazzi v. M'Bai*, No. 5:11-CV-353-H, 2013 WL 3818114, at *3 (E.D.N.C. July 22, 2013). Further, having reviewed Plaintiffs' discovery requests, the court finds that they are within the permissible scope of discovery. Accordingly, Plaintiffs' motion to compel is allowed.

The court is sympathetic to Defendant Bills' pro se status and complication arising from his attorneys' withdrawal from the case after the discovery requests were served. That said, Plaintiffs' counsel contacted Bills directly by letter on January 29, 2020, advising him of the outstanding requests and urging him to contact Plaintiffs' counsel within five days of the date of the letter. *See* [DE-40-3] ("Please produce the requested documentation within five business days of the date of this letter. If you believe you have some legitimate reason for why you cannot produce those documents by that date, or otherwise wish to meet and confer about or discuss those requests, please advise me of that within the same period of five business days."). Defendant Bills's failure to contact Plaintiffs' counsel does not reflect the diligence required by the court or

4

Case 5:19-cv-00005-D   Document 51   Filed 09/29/20   Page 4 of 6

the Federal Rules, nor can his production of four documents with his opposition to the motion to compel serve as a substitute for proper responses pursuant to Fed. R. Civ. P. 34.[1]

By not responding to Plaintiffs' document requests, Bills has waived any objections as to their relevance or scope. *See Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001). However, the court will permit Defendant Bills to claim privilege (including work product protection) in responding to the discovery requests. To do so, he must expressly assert it in response to the particular discovery request involved and serve with the responses a privilege log in conformity with Rule 26(b)(5)(A), and a failure to timely comply shall be deemed a waiver of the privilege otherwise claimed. Therefore, subject to valid claims of privilege, Defendant Bills shall serve on Plaintiffs by no later than **October 13, 2020** complete responses to Plaintiffs' requests for production of documents.

Plaintiffs also seek reasonable expenses and attorney's fees incurred in making the motion. [DE-40] at 3. The court declines to address the question of fees at this time and expresses no opinion as to whether an award of fees is warranted. If Plaintiffs wish to renew this request after receipt of Defendant Bills' discovery responses, or alternatively if the deadline for such responses passes without sufficient compliance, Plaintiffs may file a supplemental brief on the issue within seven (7) days of that deadline, and Defendant Bills shall have fourteen (14) days to respond.

---

[1] The rule expressly requires a party to respond individually to each request for production of documents, as follows:

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B), (C).

5
Case 5:19-cv-00005-D Document 51 Filed 09/29/20 Page 5 of 6

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel [DE-40] is allowed, and Defendant Bills shall serve his responses and provide any responsive documents not already produced no later than October 13, 2020. To ensure Defendant Bills has a copy of Plaintiffs' First Set of Document Requests [DE-40-1], the Clerk is directed to annex a copy of the requests to this order as an exhibit.

So ordered, the 28th day of September 2020.

Robert B. Jones, Jr.
United States Magistrate Judge