IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 5:17-CV-152-D |
| FIRE PROTECTION, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| PROGRESS SOLAR SOLUTIONS, LLC, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 5:19-CV-5-D |
| MICHAEL D. LONG, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

On February 26, 2021, Progress Solar Solutions, LLC ("Progress Solar" or "plaintiff") moved for partial summary judgment [D.E. 169] and filed a statement of undisputed material facts [D.E. 170], a brief in support [D.E. 171], and an appendix in support [D.E. 172]. The court notified defendants about Progress Solar's motion for partial summary judgment, the response deadline, and the need for the response to comply with Federal Rule of Civil Procedure 56 and Local Civil Rules 7.2 and 56.1. See [D.E. 173, 179].

On March 8, 2021, defendant Mikel Bills ("Bills") responded in opposition [D.E. 176], but the response did not comply with Local Civil Rule 56.1. See id.; see also [D.E. 177]. On March 9,

2021, defendant Michael Long ("Long") responded in opposition, but the response did not comply with Local Civil Rule 56.1. See [D.E. 178]. On March 16, 2021, Long supplemented his response in opposition. See [D.E. 180]. On March 26, 2021, Bills supplemented his response in opposition. See [D.E. 183]. Neither supplement complied with Local Civil Rule 56.1.

On March 29, 2021, Progress Solar replied. See [D.E. 184]. Progress Solar correctly notes that Long and Bills's failure to comply with Local Civil Rule 56.1 means that Progress Solar's statement of material facts is "deemed admitted." E.D.N.C. Civ. R. 56.1(a)(2); see Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir. 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113-D, 2017 WL 1030706, at *1 (E.D.N.C. Mar. 15, 2017) (unpublished). Moreover, and in any event, Progress Solar's evidence demonstrates its entitlement to relief, and Long and Bills's responses do not alter this conclusion. See [D.E. 184] 4–15. Accordingly, the court grants Progress Solar's motion for partial summary judgment.

In sum, the court GRANTS plaintiff's motion for partial summary judgment [D.E. 169]. The court AWARDS plaintiff summary judgment on the following claims in the 2017 action: (1) breach of nondisclosure agreement against Long, SMS, and FPI; (2) unfair and deceptive trade practices against all defendants; (3) unfair competition against all defendants; (4) tortious interference with plaintiff's business relationships and prospective economic advantage against all defendants; (5) false association against all defendants; and (6) civil conspiracy against all defendants. The court AWARDS plaintiff summary judgment on the following claims in the 2019 action: (1) breach of joint confidentiality agreement against Long and SMS, and (2) civil conspiracy against all defendants.

2

The court will determine the remedy (including damages, injunctive relief, and attorneys' fees and costs) in a subsequent proceeding.

The parties shall confer about a proposed schedule to complete this long-pending case and submit a proposed schedule not later than August 26, 2021. The court will have a United States Magistrate Judge host a settlement conference if the parties desire. The submission shall state whether the parties would like a settlement conference.

SO ORDERED. This 12 day of August 2021.

*JAMES C. DEVER III*
United States District Judge