| | | |
|---|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:17-CV-152-D |
| FIRE PROTECTION, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| PROGRESS SOLAR SOLUTIONS, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:19-CV-5-D |
| MICHAEL D. LONG, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

On December 17, 2021, plaintiffs Progress Solar Solutions, LLC and Daniel L. Robertson ("plaintiffs") moved for an award of reasonable attorneys' fees incurred in these consolidated actions against defendants Michael D. Long ("Long"), Mikel Bills ("Bills"), Solar Mod Systems, Inc. ("SMS"), and Fire Protection, Inc., d/b/a FPI Environmental ("FPI") [D.E. 205] and filed a memorandum in support [D.E. 208]. Plaintiffs request $1,052,569.70 in fees ($1,027,752.20 in recoverable fees billed to plaintiffs as of December 2021, as well as $24,817.50 in fees that—as of the date of plaintiffs' motion—were to be billed to plaintiffs for recoverable time incurred though 3:18 PM on December 17, 2021). Plaintiffs' request includes amounts encompassed in prior

attorney fees submissions that remain pending. Those pending, additional fee amounts are: (a) $3,376 [D.E. 120] 5; (b) $5,464.50 [D.E. 128] 4; and (c) $30,968 [D.E. 164] 22 and [D.E. 65] 22.[1] Plaintiffs also filed the motion in the consolidated 2019 Case [D.E. 103]. No defendant has opposed, or otherwise responded to, plaintiffs' attorneys fees motions and supporting papers. As explained below, the court grants the motions.

I.

The court has entered various judgments in this case, several of which determined that an award of attorneys' fees is warranted. In the 2017 Case, the court has made final liability determinations as to each defendant as set forth in the following decisions:

    a. August 1, 2019 order granting judgment on the pleadings against defendant SMS's counterclaim for defamation [D.E. 122];

    b. September 24, 2020 order entering, inter alia, summary judgment in Progress Solar Solutions, LLC's favor as to all remaining counterclaims made by defendants [D.E. 148];

    c. January 6, 2021 default judgment against defendant SMS [D.E. 166];

    d. August 12, 2021 partial summary judgment against defendants SMS, Long, Bills, and FPI [D.E. 186]; and

    e. August 16, 2021 default judgment against defendant FPI [D.E. 188].

In the 2019 Case, the court has made final liability determinations as to each defendant in that action as set forth in the following decisions:

    f. January 6, 2021 default judgment against defendant SMS [D.E. 67]; and

---

[1] Docket entries in the 2017 Case are cited by using "D.E." without underlining. Docket entries in the 2019 Case are cited by using "D.E." and underlining.

2

g. August 12, 2021 partial summary judgment against defendants Bills, SMS, and Long [D.E. 86].

The court has determined that plaintiffs are entitled to an award of their reasonable attorney's fees in prosecuting these consolidated cases as against defendant FPI in the 2017 Case and defendant SMS in the 2017 and 2019 Cases. See [D.E. 166] ¶ 10; and [D.E. 67] ¶ 4; [D.E. 188] ¶¶ 10, 11. The court also has determined that defendants Long, Bills, SMS, and FPI are all liable for civil conspiracy in the 2017 Case and that defendants Long, Bills, and SMS are all liable for civil conspiracy in the 2019 Case. See [D.E. 186] 2–3; [D.E. 86] 2–3; see also [D.E. 166]; [D.E. 188]; [D.E. 67].

II.

"[I]n calculating an appropriate attorneys' fee award, a district court must first determine the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying the Johnson/Barber factors when making its lodestar determination." Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). Those factors include:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 321. "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Earls v. Forga Contracting, Inc., No. 1:19-CV-00190-MR-WCM, 2020 WL 3063921, at *2 (W.D.N.C. June 9, 2020) (unpublished). Moreover, many of the factors are subsumed into the more general inquiry as to the hours reasonably

3

expended and the reasonable hourly rate, and "[d]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee . . . .". Id. at *3 (quotation omitted); McAfee v. Boczar, 738 F.3d 81, 89–90 (4th Cir. 2013); Design Res., Inc. v. Leather Indus. of Am., No. 1:10CV157, 2016 WL 5477611, at *8 (M.D.N.C. Sept. 29, 2016) (unpublished).

The court has considered all the Johnson/Barber factors in reaching its determination. Plaintiffs' counsel have submitted documentation demonstrating that they reasonably spent 3,091 hours through November 2021, in pursuing relief in these consolidated actions. In addition, between December 1 and mid-afternoon on December 17, plaintiffs' counsel expended additional time having a value, per their 2021 hourly rates, of $24,817.50 to be billed to the plaintiffs. Plaintiffs' counsels' December 2021 work was associated principally with preparing their attorneys' fees submission. The court finds that the hours expended are reasonable. The hours were required due to the complexity of the case. Furthermore, plaintiffs had to file two separate actions to protect their rights and defendants obstructed plaintiffs' discovery efforts on multiple occasions. And defendants Bills and Long, after they became pro se, filed numerous baseless motions, responses, and other requests for relief that required additional treatment beyond those contemplated in the ordinary course of litigation. Additionally, because these consolidated cases implicate proprietary information and intellectual property rights, the controversy includes not only monetary relief but also injunctive relief to protect plaintiffs' current and future business interests in the relevant market.

As for the amount of fees requested, plaintiffs' request is less than or similar to awards in cases in North Carolina federal courts where counsel have expended a substantial number of hours and obtained results similar to those achieved here. See, e.g., Clark v. Duke Univ., No. 1:16-CV-1044, 2019 WL 2579201, at *3 (M.D.N.C. June 24, 2019) (unpublished) (awarding $3.55 million in attorney's fees where settlement resulted in $10.65 million gross settlement fund and attorneys

4

expended 7,841.60 attorney hours and 661.30 hours of non-attorney time); Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 597 (W.D.N.C. 2010) (unpublished) (noting "complexity of Lanham Act cases" and awarding $904,620 in fees for 3,447 hours of work expended in obtaining $13,002,246 damage award). Plaintiffs have submitted declarations from two attorneys (Chris Graebe and Gary Parsons) who are knowledgeable of the North Carolina market for legal services. See [D.E. 206, 207]; [D.E. 104, 105]. Their declarations demonstrate that the hourly rates plaintiffs' counsel charged are generally below the average hourly rates charged by similarly experienced attorneys pursuing similar relief as in this case. Moreover, plaintiffs' documented hourly rates comport with this court's prior fee determinations. See Laschkewitsch v. Legal & Gen. Am., Inc., No. 5:15-CV-251-D, 2017 WL 4976442, at *3 (E.D.N.C. Nov. 1, 2017) (unpublished), aff'd, 725 F. App'x 252 (4th Cir. 2018) (per curiam) (unpublished); Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections, No. 5:13-CV-607-D, 2017 WL 4400754, at *6–8 (E.D.N.C. Sept. 29, 2017) (unpublished).

Because defendants are all liable for the same underlying conspiracy that gave rise to plaintiffs' claims, an award of attorneys' fees is appropriate against all defendants jointly and severally. The case is "exceptional" under 15 U.S.C. § 1117(a) and the record shows that defendants "willfully engaged" in unfair acts and practices and made an "unwarranted refusal" to fully resolve the matters constituting the basis of these actions, N.C. Gen. Stat. § 75-16.1(1). See Southwood v. CCDN, LLC, No. 7:09-CV-183-F, 2016 WL 1389596, at *1 n. 3, 6 (E.D.N.C. Apr. 7, 2016) (unpublished), aff'd sub nom. Taylor v. Bettis, 693 F. App'x 190 (4th Cir. 2017) (per curiam) (unpublished); Brown v. Cavit Scis., Inc., 230 N.C. App. 460, 461, 466, 749 S.E.2d 904, 906, 909 (2013). Alternatively, even if the court disregarded its judgments for conspiracy, the court finds that there are adequate independent grounds to support the award of attorneys' fees against all

5

defendants based on the court's factual findings and judgments entered against all defendants. See [D.E. 148, 163, 166, 170, 186, 188].

The court has carefully considered plaintiffs' fee submissions and arguments, and finds that the hourly rates of plaintiffs' counsel, and the time expended by plaintiffs' counsel in conjunction with these relatively complex cases, are reasonable. Accordingly, the court finds that plaintiffs are entitled to an award of fees in the amounts they have requested (including the outstanding amounts from plaintiffs' prior fee submissions).

III.

In sum, the court GRANTS plaintiffs' motions [D.E. 205] and [D.E. 103]. The court AWARDS attorneys' fees in the amount of $1,052,569.70 to plaintiffs from defendants jointly and severally. Plaintiffs may seek additional attorneys' fees after the court enters a final judgment.

SO ORDERED. This 22 day of July, 2022.

JAMES C. DEVER III
United States District Judge